### HENDERSON v. CUMMINGS.

#### No. 4016.

Court of Civil Appeals of Texas. El Paso.

Jan. 23, 1941.

Rehearing Denied Feb. 13, 1941.

John L. Fowler, of Odessa, for appellant.

John J. Watts, of Crane, for appellee.

WALTHALL, Justice.

Appellee having adopted the statement of the nature and result of the suit as in appellant's brief, we make the statement substantially as there made.

This suit was brought by appellee, Earl Cummings, against appellant, W. T. Henderson, to recover damages for personal injuries sustained by appellee's wife, Mrs. Montia Cummings, in stepping in a hole in the postoffice floor in the City of Odessa, resulting in a fracture of her hip and other injuries described, and alleged to be severe and permanent. Appellant Henderson owned and was operating the postoffice building and leased the building to the United States Government for a postoffice, and for which purpose the building was being used by Henderson at the time of the injuries complained of.

It is alleged that Mrs. Cummings, when injured, had gone into the said postoffice building to mail a letter and to get the mail, and that while in the building the heel of her shoe was caught in a hole in the floor which caused her to fall and sustain the said injuries. Appellee alleged that Mrs. Montia Cummings when injured was an invitee in the building and that appellant owed her the duty of exercising ordinary care to keep said building in a reasonably safe condition, but that appellant breached such duty, in that the floor of said building had became worn and rotten, the hole in the floor resulting; that appellant knew or should have known of the defective condition of the floor; that by reason of the matters alleged appellant was negligent and that the negligence was the proximate cause of the injuries to appellee's wife, and appellee alleged damages resulting therefrom in the sum of $25,000, for which amount he sued.

Appellant answered by a general demurrer, special exception, pleaded contributory negligence and general denial.

The case was submitted to a jury on special issues. The jury made findings on the issues submitted, and on the jury's findings the court entered judgment in appellee's favor in the sum of five thousand

dollars, with interest. The court overruled appellant's motion for a new trial, and appellant, defendant below, duly prosecutes this appeal.

Appellant has filed several assignments of error: Error in admitting in evidence certain X-ray photographs; error in submitting a certain charge to the jury; error in overruling appellant's motion for a new trial based on alleged improper argument to the jury of one of appellee's counsel; error in refusing to grant appellant a new trial on account of alleged misconduct of the jury. Based on the assignments appellant submits several propositions.

■ We overrule appellee's motion to strike appellant's brief and refuse to consider any of the propositions or assignments contained therein as not being in compliance with the rules for briefing causes on appeal, the objection to appellant's brief being that there is no bill of exceptions preserved to the matters complained of. The motion to strike the brief does not show or point out that the matters complained of do not clearly appear of record.

We prefer to consider each proposition and decide from the record whether a bill of exceptions is necessary to present the matter complained of.

None of the assignments of error are presented or requested to be considered as propositions.

Appellant's first three propositions are as follows:

"1. Appellant is entitled to have the exact injury, if any, of appellee, detailed to the jury as of the time, or immediately following the injury, and the resulting condition of the injured party up to the time of awarding damages must be shown to follow as a natural sequence as a consequence of the injury at the time of its occurrence.

"2. The court commits error in charging the jury as to any element of damages not raised by the pleadings.

"3. The rule is now settled in this State that where improper argument has been indulged in, or where misconduct of the jury is shown to appear, the adverse complaining party is entitled to reversal of the judgment, as a matter of law, if under all the circumstances there is any reasonable doubt of its harmful effect, or unless it affirmatively appears no reasonable prejudice resulted."

■ It will be observed that each of the propositions states only a proposition of law and does not state or embrace in the proposition or in the statement following the proposition a distinct specification of error, as required by the rules.

In presenting the above three propositions appellant groups them, and, as severally applying to each, makes a separate statement. It is not shown in the statement applying to any one of the propositions the point of objection sought to be made and upon which the appeal is predicated; there is a general statement embracing a general reference to the entire evidence offered; there is no bill of exceptions shown, certainly none which applies to or points out or indicates the matter complained of. It is not shown that the matter complained of was embraced in the motion for a new trial. Neither the proposition nor the statement under and applying to the proposition acquaints the court with the proposition presented for review or decision.

While we have overruled appellee's motion to strike appellant's brief, as not complying with the rules, we have considered each proposition and have concluded that no one of the propositions complies with the rules for briefing and may not be considered as presenting reversible error, in view of appellee's motion.

As said above, none of the assignments of error are presented or requested to be considered as propositions.

We have concluded that the case should be affirmed, and it is so ordered.

PRICE, Chief Justice (concurring).

In my opinion the assignments of error sought to be briefed by appellant fail to show reversible error. There is no bill of exceptions showing that the argument complained of was actually made. It is elementary that a bill of exceptions is necessary in order for the Court of Appeals to review such alleged error.

The objections to the X-ray photographs go rather to their weight than their admissibility. Copies of such photographs do not appear in the statement of facts. Even though the injury occurred in March, an X-ray photograph taken in May, I think, would tend to show the nature of the injuries to the bone and the effect thereof.

Appellant's objection to the court's charge on the measure of damages was as follows:

"for the reason that future pain and suffering, under the allegations and proof in this case, are not recoverable and should not be considered by the jury." Past and future pain and suffering were alleged in appellee's trial petition. Proof was offered thereon. In my opinion issue was made by the pleading and sustained by proof. If it was objectionable for the court to have included mental pain and suffering in the instructions, the objection of appellant was not sufficiently specific to call the court's attention thereto.

The complaint as to the misconduct of the jury, in my opinion, fails to show reversible error. Giving full credence to the testimony of the one juror touching the discussion of insurance, the extent thereof was that appellant, if he did not have insurance, should have had it. There is no showing that the juror thought or said that appellant had indemnity insurance. The evidence goes no further than to show a mere casual mention of insurance by a juror. It was perhaps an issuable fact as to whether this occurred. Juror Cotter, in his testimony, fails to state what juror made the statement: "Whether he did or not, the defendant should have carried insurance." Further, it was not stated in whose presence it was made. The foreman of the jury, the only other juror testifying, did not hear the statement. When it was made or who made it, or in whose presence same was made, does not appear. As far as the evidence of the juror Cotter goes, it may have been made after the jury were discharged.

While the law zealously guards the purity of verdicts, same are not to be lightly set aside. When the evidence is inconclusive, the finding of the trial court is final thereon. The juror's opinion that one should carry indemnity insurance does not disqualify him for jury service. A statement by a juror that one should carry such insurance is not reasonably susceptible of the construction that such a one did carry same; it is not reasonably susceptible of the construction that there was a legal duty so to do. It is susceptible of the reasonable construction that it is good business policy to have such insurance.

This verdict is not assailed as being excessive. There is no assignment that it is against the weight of the evidence.

I concur in the affirmance of the case for the reasons stated.